Bryan J. Schwartz (CA State Bar No. 209903)
schwartz@nka.com
Matthew C. Helland (CA State Bar No. 250451)
helland@nka.com
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center
Ste. 720
San Francisco, CA 94111
Telephone: 415-277-7235
Facsimile: 415-277-7238

Donald H. Nichols (MN State Bar No. 78918)
nichols@nka.com
(*pro hac vice* application forthcoming)
Paul J. Lukas(MN State Bar No. 22084X)
lukas@nka.com
(*pro hac vice* application forthcoming)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-215-6870

Attorneys for Plaintiffs and the Putative Class

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF CALIFORNIA**

| | |
|---|---|
| Angela Salgado, Olaf Winterton, Kristy Lafluer, Sara Barone, Toba Adina, Amanda Taula, and Matthew Harden, on behalf of themselves and classes of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, and DOES 1-50,<br><br>Defendants. | **COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**Violation of Fair Labor Standards Act, 29 U.S.C. Section 201 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1.  This is a class action brought by Individual and Representative Plaintiffs Angela Salgado, Olaf Winteron, Kristy Lafleur, Sara Borne, Toba Adina, Amanda Taula (formerly Sweeten), and Matthew Harden (collectively "Plaintiffs"), on their own behalf and on behalf of the proposed class identified below. Plaintiffs and the putative class members were or are employed by Defendants Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, and certain Doe Defendants, or their predecessors-in-interest, as "credit managers," "senior credit managers," "assistant managers," and/or "loan processors." Plaintiffs and the putative class members are or were covered, non-exempt employees under Fair Labor Standards Act ("FLSA") and entitled to overtime pay consistent with the requirements of this law. As current/former credit managers, senior credit managers, assistant managers, and loan processors under a particular management chain, these employees are/were similarly-situated under the FLSA, 29 U.S.C. § 216(b).

2.  The Collective Class is made of all persons who did not sign valid and binding arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of California under the same first-, second-, and third-level managers, as the named Plaintiffs at any time within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").[1]

3.  During the Collective Class Period, Defendants failed to pay appropriate overtime compensation to each member of the Collective Class as required by federal law. Plaintiffs seek relief for the Collective Class under the Fair Labor Standards Act, to remedy Defendants' failure to pay all wages due, pay appropriate overtime compensation, and follow the FLSA's

---

[1] Pursuant to an order of the Court in the related matter of **Castle, et al., v. Wells Fargo Financial, Inc., et al.,** Case No. 3:06-cv-4347 (N.D. Cal. 2008) (Illston, J.) which has preclusive, collateral estoppel effect here, Plaintiffs and the putative class members will have the statute of limitations tolled for specified periods of time.

-2-

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

recordkeeping requirements, in addition to injunctive relief.

## THE PARTIES

4.      Individual and representative Plaintiff Angela Salgado resides in Sacramento, California (Sacramento County). She was employed by Defendant as a Credit Manager from approximately September 2007 to October 2007 in Sacramento, California (Sacramento County) and is currently employed as a Credit Manager from approximately October 2007 to present in Folsom, California (Sacramento County). Plaintiff Salgado is a member of the Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

5.      Individual and representative Plaintiff Olaf Winterton resides in Rocklin, California (Placer County). He was employed by Defendant as a Credit Manager from approximately July 2005 to approximately January 2006 in Elk Grove, California (Sacramento County).  Plaintiff Winterton is a member of the Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

6.      Individual and representative Plaintiff Kristy Lafleur resides in Rocklin, California, (Placer County). She was employed by Defendant as a Credit Manager from approximately October 2005 to approximately June 2006 in Folsom, California (Sacramento County). Plaintiff Lafleur is a member of the Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

7.      Individual and representative Plaintiff Sara Barone resides in Orangevale, California (Sacramento County). She was employed by Defendant as a Credit Manager from approximately April 2003 to approximately February 2004 in Roseville, California (Placer County). Plaintiff Barone is a member of the Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

8.      Individual and representative Plaintiff Toba Adina resides in Elk Grove, California (Sacramento County). She was employed by Defendant as a Credit Manager from approximately June 2004 to approximately January 2005 in Elk Grove, California (Sacramento County).

-3-

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

Plaintiff Adina is a member of the Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

9.  Individual and representative Plaintiff Amanda Taula resides in Garden Grove, California (Orange County). She was employed by Defendant as a Credit Manager from approximately October 2004 to approximately September 2005 in Elk Grove, California (Sacramento County). Plaintiff Taula is a member of the Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

10. Individual and representative Plaintiff Matthew Harden resides in Delhi, California (Merced County). He was employed by Defendant as a Credit Manager from approximately September 2005 to approximately April 2006 in Modesto, California (Stanislaus County). Plaintiff Harden is a member of the Collective Class, and, upon information and belief, did not sign a valid or binding arbitration agreement with Defendant.

11. Upon information and belief, Defendant Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, are companies doing business in and maintaining branches in the state of California, including facilities in Sacramento, Placer, and Stanislaus Counties, California.

12. Defendants Does 1-50 inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the putative class members herein alleged were proximately caused by such Defendants.

13. Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representative partner, integrated enterprise with, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Defendants had interrelated operations, common

management, centralized control of labor relations, and common financial control. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 201 **et seq.** All of the individual and representative Plaintiffs have signed consent forms to join this lawsuit.

15. Venue is proper in the United States District Court, Eastern District Court of California, pursuant to 28 U.S.C. § 1391, because Defendants operate facilities in Sacramento, Placer, and Stanislaus Counties, California, and because a substantial part of the events giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs bring this action on behalf of themselves and other employees similarly-situated as authorized under FLSA, 29 U.S.C. § 216(b). The employees similarly-situated are:

> **Collective Class:** All persons who did not sign valid and binding arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of California under the same first-, second-, and third-level managers as the named Plaintiffs, at any time within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").[2]

17. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

18. Defendants' unlawful conduct has been widespread, repeated, and consistent.

19. Upon information and belief, Defendants knew that Plaintiffs and the Collective Class performed work that required overtime pay. Defendant have operated under a scheme to

---

[2] **See supra** Footnote 1.

-5-

deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

20. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

21. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly-situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## **FIRST CLAIM FOR RELIEF**

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

22. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

23. Plaintiffs consents in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).  Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

24. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendants have employed and continues to employ employees, including Plaintiffs and the Collective Class.  At all relevant times, upon information and belief, each Defendant has had gross operating revenues in excess of $500,000.00.

25. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

26.     During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiffs and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

27.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, and 29 C.F.R. §516, **et seq**.

28.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

29.     Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

30.     Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

31.     WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Collective Class, pray for relief as follows:

    A.     That Defendants are found to have violated the overtime provisions of the Federal Fair Labor Standards Act as to Plaintiffs and the Collective Class;

    B.     That Defendants are found to have violated the FLSA by failing to follow the FLSA's recordkeeping requirements;

  C. That Defendants' violations as described above are found to be willful;

  D. An award to Plaintiffs and the Collective Class for the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial; and

  E. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

32. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

Dated: April 11, 2008        _s/Bryan J. Schwartz_____
                Bryan J. Schwartz, CA State Bar No. 209903
                Matthew C. Helland CA State Bar No. 250451
                NICHOLS KASTER & ANDERSON, LLP
                One Embarcadero Center
                Ste. 720
                San Francisco, CA 94111

                Donald H. Nichols (MN State Bar No. 78918)
                nichols@nka.com
                (***pro hac vice*** application forthcoming)
                Paul J. Lukas(MN State Bar No. 22084X)
                lukas@nka.com
                (***pro hac vice*** application forthcoming)
                NICHOLS KASTER & ANDERSON, PLLP
                4600 IDS Center
                80 S. 8th Street
                Minneapolis, MN 55402

                Attorneys for Plaintiffs and the Putative Class

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

# Exhibit A

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

**Toba Adina**

REDACTED

_____
Signature

REDACTED

Mail or Fax to:   Fax (612) 215-6870
  Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
  80 South 8th Street, Suite 4600, Minneapolis, MN 55402
  Toll Free Telephone: (877) 448-0492

## WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Olaf E. Winterton

REDACTED

*/s/ Olaf Winterton*

REDACTED

**Mail or Fax to:** Fax (612) 215-6870
Nichols Kaster Anderson PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

## CONSENT FORM AND DECLARATION

I hereby consent to join the lawsuit against Wells Fargo Financial as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the states where I worked for Wells Fargo Financial. During the past three years, there were occasions when I worked over 40 hours per week for Wells Fargo Financial and did not receive overtime compensation.

I worked for Wells Fargo Financial as a (please check all that apply):
- ☒ Credit Manager
- ☐ Senior Credit Manager
- ☐ Assistant Manager

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_(signed)_  2/9/07
Signature              Date

Matthew Lee Harden
Print Name

REDACTED

REDACTED

**Fax or Mail To:**
**Bryan Schwartz**
**Nichols Kaster & Anderson, PLLP**
**IDS Center, Suite 4600**
**80 South 8th Street**
**Minneapolis, MN 55402**
**FAX (612) 215-6870**

NKA004170                                                       NKA004170

## CONSENT FORM AND DECLARATION

I hereby consent to join the lawsuit against Wells Fargo Financial as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the states where I worked for Wells Fargo Financial. During the past three years, there were occasions when I worked over 40 hours per week for Wells Fargo Financial and did not receive overtime compensation.

I worked for Wells Fargo Financial as a (please check all that apply):

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Kristy LaFleur          2-27-07
Signature               Date

Kristy LaFleur
Print Name

REDACTED

REDACTED

**Fax or Mail To:**

**Bryan Schwartz**
**Nichols Kaster & Anderson, PLLP**
**IDS Center, Suite 4600**
**80 South 8th Street**
**Minneapolis, MN 55402**
**FAX (612) 215-6870**

NKA004260

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against Wells Fargo Financial as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the states where I worked for Wells Fargo Financial. During the past three years, there were occasions when I worked over 40 hours per week for Wells Fargo Financial and did not receive overtime compensation.

I worked for Wells Fargo Financial as a (please check all that apply):

- ☑ Credit Manager
- ☐ Loan Processor
- ☐ Senior Credit Manager
- ☐ Assistant Manager

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_Angela Salgado_  11-17-07
Signature                Date

_Angela Salgado_
Print Name

REDACTED

_Cotto Ave Sacramento - Iron Point, Folsom CA_
Wells Fargo Financial Branch Location(s) Worked

Fax or Mail To:

**Bryan Schwartz**
**Nichols Kaster & Anderson, PLLP**
**IDS Center, Suite 4600**
**80 South 8th Street**
**Minneapolis, MN 55402**
**FAX (612) 215-6870**

NKA015490

# WELLS FARGO FINANCIAL, INC.
# PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Amanda Sweeten

REDACTED

*If any of the above information has changed, please update.*

_____
Signature

Jan 3, 2007
Date

REDACTED

Mail or Fax to:  Fax: (612) 215-6870
Nichols Kaster Anderson, PLLP (Attn: Rachhana Srey)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492

# WELLS FARGO FINANCIAL, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Wells Fargo Financial, Inc. as a Plaintiff to assert claims against it for wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state laws. During my employment there were occasions when I worked over 40 hours per week for Wells Fargo Financial, Inc. as a credit manager or assistant manager and was not paid for all hours worked.

Sara Rose Barone

REDACTED

*Sara Barone* (signature)

REDACTED

Mail or Fax to:  Fax: (612) 215-6870
Nichols Kaster Anderson, PLLP (Attn: Michele Fisher)
80 South 8th Street, Suite 4600, Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492