UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANGELA SALGADO, OLAF WINTERTON, KRISTY LAFLUER, SARA BARONE, TOBA ADINA, AMANDA TAULA, and MATTHEW HARDEN, on behalf of those similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>WELLS FARGO FINANCIAL, INC. and WELLS FARGO FINANCIAL CALIFORNIA, INC. d/b/a/ WELLS FARGO FINANCIAL and WELLS FARGO FINANCIAL ACCEPTANCE, and DOES 1-50,<br><br>        Defendants. | No. CIV. 08-0795 FCD KJM<br><br>MEMORANDUM AND ORDER |

----oo0oo----

This matter is before the court on defendants Wells Fargo Financial, Inc. and Wells Fargo Financial California, Inc.'s (collectively, "Wells Fargo" or "defendants") motion to dismiss plaintiffs' collective action and class action claims pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary adjudication of those claims, pursuant to Federal Rule of Civil Procedure 54.  Plaintiffs Angela Salgado, Olaf

1

Winterton, Kristy Lafluer, Sara Barone, Toba Adina, Amanda Taula, and Matthew Harden (collectively, "plaintiffs") oppose the motion.  For the reasons set forth below,[1] defendants' motion to dismiss is DENIED.

## BACKGROUND

This is a class action brought by plaintiffs in both their individual and representative capacities.  (Am. Compl. ("Compl."), filed July 24, 3008, ¶ 1.)  Plaintiffs were employed by defendants as "credit managers," "senior credit managers," "assistant managers," and/or "loan processors."  (Id.)  Plaintiffs allege that they, along with the proposed class, were non-exempt employees covered under the Fair Labor Standards Act ("FLSA") and California laws and are entitled to overtime pay consistent with the requirements of these laws.  (Id.)  Plaintiffs further allege that they worked within a particular management chain and were subject to a single set of policies, procedures, and/or practices with respect to the alleged overtime violations.  (Id.)

>     Plaintiffs' proposed FLSA class consists of
>
>     All persons who did not sign valid and binding arbitrations agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of California under the same first-, second-, and third-level managers as the named Plaintiffs, at anytime within three years prior to this action's filing date through the date of final disposition of this action.

(Id. ¶ 17.)  Plaintiffs also allege that they may be amenable to

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L. R. 78-230(h).

2

subclasses. (Id. ¶ 17, n.2.) Plaintiffs' proposed California law class is substantially similar to the FLSA class, with the exception of including persons employed in such positions by defendants in the four years prior to the filing date of the action. (Id. ¶ 23.)

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to

3

1 plausible," is the complaint properly dismissed. Id.  "[A] court
2 may dismiss a complaint only if it is clear that no relief could
3 be granted under any set of facts that could be proved consistent
4 with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S.
5 506, 514 (2002) (quoting Hudson v. King & Spalding, 467 U.S. 69,
6 73 (1984)).

7    In ruling upon a motion to dismiss, the court may consider
8 only the complaint, any exhibits thereto, and matters which may
9 be judicially noticed pursuant to Federal Rule of Evidence 201.
10 See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th
11 Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United
12 States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

14    Defendants argue that plaintiffs' collective action and
15 class action claims should be dismissed because plaintiffs are
16 legally precluded from asserting such claims pursuant to a prior
17 court order.  Plaintiffs assert that none of the elements
18 required to apply issue preclusion are present in this case.

19    Under the doctrine of collateral estoppel, also known as
20 issue preclusion, "once a court has decided an issue of fact or
21 law necessary to its judgment, that decision may preclude
22 relitigation of the issue in a suit on a different cause of
23 action involving a party to the first case." Hydronautics v.
24 FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000) (quoting Dodd v.
25 Hood River County, 59 F.3d 852, 863 (9th Cir. 1995)).  Collateral
26 estoppel applied only where the party asserting preclusion
27 establishes that
28 /////

4

>       (1) the issue necessarily decided at the previous
>       proceeding is identical to the one which is sought to
>       be relitigated; (2) the first proceeding ended with a
>       final judgment on the merits; and (3) the party against
>       whom collateral estoppel is asserted was a party or in
>       privity with a party at the first proceeding.

Id. (quoting Younan v. Caruso, 51 Cal. App. 4th 401, 406-07 (1996)). The party asserting preclusion must establish what was determined by the prior judgment with clarity or certainty. Id. (quoting Offshort Sportswear, Inc. v. Vuarnet Int'l, B.V., 114 F.3d 848, 850 (9th Cir. 1997)). "[W]hen a decision in prior litigation is unclear, that decision does not preclude subsequent litigation on that issue." Catholic Soc. Servs., Inc. v. INS, 232 F.3d 1139, 1152 (9th Cir. 2000) (citations omitted); see also Connors v. Tanoma Mining Co., Inc., 953 F.2d 682, 684 (D.C. Cir. 1992) ("If the basis of the . . . decision is unclear, and it is thus uncertain whether the issue was actually and necessarily decided in that litigation, the relitigation of the issue is not precluded.").

    Defendants' contend that plaintiffs are legally precluded from pressing their collective and class action claims because the viability of such a class was decided by an order issued by the District Court for the Northern District of California in Castle v. Wells Fargo Financial, Inc.[2] (Ex. H to Req. for

---

[2] The court takes judicial notice of the documents proffered by defendants in support of their motion to dismiss. These documents consist of court filings from the Castle litigation as well as other allegedly related litigation. See MGIC Indemn Corp. v. Wesiman, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of court documents and other public records in adjudication a motion to dismiss). However, the court does not make any determinations with respect to the substance of these documents. As such, the court considers this as a motion to dismiss pursuant to Rule 12(b)(6). See Thompson v. County of

5

Judicial Notice [Docket #13] ("Castle Certification Order"), filed Aug. 18, 2008.) In Castle, the plaintiffs were current and former employees of the defendant Wells Fargo Financial, Inc. who worked as credit managers, senior credit managers, assistant managers, and loan processors and sought damages for alleged violations of the FLSA and the California Labor Code arising out of unpaid overtime. (Id. at 1.) The plaintiffs sought conditional certification, pursuant to 29 U.S.C. § 216(b), of a nationwide collective class action that included approximately 14,000 individuals. (Id. at 2.) In support of the motion, the plaintiffs submitted declarations by the named plaintiffs and putative class members who worked in 28 of the 1000 branches nationwide and in 8 of the 48 states where Wells Fargo subsidiaries operate. (Id.) The district court denied the plaintiffs' motion for conditional certification because the plaintiffs had "not identified a common policy or practice on a nationwide or statewide basis." (Id. at 3.) Rather, the court noted that the plaintiffs' proffered evidence "suggests differing 'policies' or practices depending on the branch or the district, rather than on a nationwide basis." (Id. at 5.) Further, the court concluded that based upon the different "policies" and circumstance under which overtime work was performed unpaid as set forth in the declarations, resolution of the plaintiffs' claims would require "individualized determinations." (Id. at 6.) Therefore, the Castle court held that conditional

---

Franklin, 15 F.3d 245, 253 (2d Cir. 1994) (stating that preclusion issues "may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)").

6

1 certification of the national class was inappropriate.
2     The court holds that the <u>Castle</u> court did not necessarily
3 decide the issue of class certification as it applies to the
4 action filed by plaintiffs in this case.  The plaintiffs in
5 <u>Castle</u> sought conditional certification of a nationwide class.
6 (<u>Id.</u> at 2.)  At most, the <u>Castle</u> court commented upon the
7 plaintiffs' failure to establish a statewide policy by the
8 defendants.  (<u>Id.</u> at 3.)  However, certification of a statewide
9 class was not actually before the <u>Castle</u> court or necessarily
10 decided.  Moreover, the proposed class in this case is not
11 defined as a statewide class, but rather includes only those
12 employees in the California under the same first-, second-, and
13 third-level managers as the named plaintiffs.  Further, by
14 proposing this more narrow class, plaintiffs may be seeking to
15 conform to the <u>Castle</u> court's observation that "plaintiffs'
16 evidence suggests differing 'policies' or practices depending on
17 the branch or the district."  (<u>Id.</u> at 5.)  As such, the court
18 concludes that the <u>Castle</u> court was not presented with the issue
19 before the court in this litigation and thus, did not necessarily
20 decide the merits of the proposed class alleged in plaintiffs'
21 complaint. (<u>See</u> <u>Dizon v. Wells Fargo Financial, Inc.</u>, Ex. 1 to
22 Defs.' Reply in Supp. of Mot. to Dismiss [Docket #26], filed
23 Sept. 26, 2008) (holding that the conditional certification order
24 in <u>Castle</u> did not preclude the plaintiffs' proposed class action
25 claims because the proposed class in <u>Castle</u> was not identical to
26 the proposed class before the court)).
27     The court also holds that the <u>Castle</u> court did not
28 necessarily decide whether individualized determinations

7

1  predominate in the proposed class alleged by plaintiffs in this
2  litigation.  The Castle court concluded that the individualized
3  determinations necessitated by the nature of the plaintiffs'
4  claims weighed against litigation of such claims as a class.
5  (Id. at 5-6.)  However, this conclusion was based upon the
6  variety of different circumstances and policies set forth in the
7  plaintiffs' proffered declarations.  (Id. at 5.)  While there may
8  be some geographical overlap in the branches worked at by the
9  plaintiffs in Castle and plaintiffs in this case, it is unclear
10 from the allegations in the complaint and the materials submitted
11 by counsel (1) whether any of the declarants in Castle are
12 members of the proposed class in this case; (2) what the alleged
13 policies giving rise to plaintiffs' claims in this case are; (3)
14 whether these policies are common to all members or plaintiffs'
15 proposed class; or (4) whether these policies are the same as
16 those analyzed in the Castle order.  To the extent that the
17 policies at issue implicate issues specifically weighed by the
18 Castle court, such as the necessity of testimony from individual
19 employees regarding the hours worked, testimony from supervisors
20 regarding their knowledge of unpaid overtime work, or testimony
21 regarding the circumstances surrounding alterations to time
22 cards, the Castle court's opinion would be highly persuasive.
23 However, based upon the evidence and argument before it, the
24 court cannot conclude that the Castle court necessarily decided
25 the issues in this action.
26      The cases cited by defendants in support of their argument
27 for issue preclusion are distinguishable.  The courts in Alvarez
28 v. May Department Stores Co., 143 Cal. App. 4th 1223 (2006), and

In re Bridgestone/Firestone, Inc., 333 F.3d 763 (7th Cir. 2003), held that prior orders denying class certification had a preclusive effect on subsequent litigation of the same claims where an *identical* class was proposed.  However, the proposed class analyzed by the court in Castle and the proposed class in this litigation are not identical.  As such, the rationale of those courts in binding prospective class members to the original decision and preventing forum shopping is inapplicable to the issue presented in this case.

Similarly, the rationale supporting the district court's application of issue preclusion in Frosini v. Bridgestone Firestone North American Tire, LLC is inapplicable to the facts in this case.  No. CV 05-0578, 2007 WL 2781656 (C.D. Cal. Aug. 24, 2007).  In Frosini, after a California Superior Court denied both nationwide and California consumer resident classes, the plaintiffs sought to certify a statewide class, arguing that the proposed class was different because it challenged only defective tires from three plants instead of five.  Id. at *10  The court held that the plaintiffs' class claims were precluded because the three plants at issue were among the five plants at issue in the original action, and thus, the same problems regarding the plaintiffs' failure to assert of a common defect, lack of common proof, and the court's need to make individualized determinations regarding causation remained.  Id. at *9-10.  In this case, as set forth above, it is unclear whether any of the declarants in the Castle action are members of the proposed class in this case and whether any of the policies set forth by those declarants are the policies at issue in this case.  As such, the court cannot

9

conclude that the same obstacles to class certification identified by the Castle court are present in this case.[3]

Moreover, plaintiffs' reliance on the court's Order Re: Equitable Tolling in Castle (the "Castle Tolling Order") does not alter the court's analysis with respect to the preclusive effect of the Castle Certification Order. (See Order Re: Equitable Tolling, Ex. 1 to Pls.' Opp'n to Mot. to Dismiss [Docket #24], filed Sept. 17, 2008.) While the court does not make any findings with respect to the application of the Castle Tolling Order,[4] a prior court's necessary determination of one identical issue does not give preclusive effect to all other orders and issues decided by that court. Understandably, defendants cite no case law to support this untenable proposition.

Therefore, because defendants have not met their burden of establish with clarity or certainty that the collective action and class action claims in this case were determined by the Castle Certification Order, the court cannot conclude that such claims are precluded under the doctrine of collateral estoppel.[5]

---

[3] The court also notes that the district court's decision in Myers v. Hertz Corp. is inapplicable to the court's analysis. In Myers, the district court held that, in ruling upon a motion for class certification, it was bound by prior orders issued by a previous judge pursuant to the "law of the case" doctrine. No. 02 Civ. 4325, 2007 WL 2126264 (E.D.N.Y. July 24, 2007). Not only was the case proceeding on a different procedural motion with different standards, but the court was not confronted with the issue of collateral estoppel.

[4] This issue has not been adequately raised or briefed by the parties.

[5] Because the court concludes that the issue before it was not necessarily decided by the court's decision in Castle, it does not reach the issues of whether the conditional certification order was a final judgment or whether the plaintiffs in each case are in privity with each other.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss plaintiffs' collective action and class action claims is DENIED.

IT IS SO ORDERED

DATED: October 3, 2008

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE